IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYLER BARCHINI<br>1419 White Oak Road<br>Allentown, PA 18104 | NO. _____<br>CIVIL ACTION<br>JURY TRIAL DEMANDED |
| vs. | |
| GLOBAL ADVANCED METALS, INC.<br>1223 County Line Road<br>Boyertown, PA 19512 | |

## **COMPLAINT**

Tyler Barchini (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through undersigned counsel, hereby avers as follows:

## **INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Global Advanced Metals, Inc. (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.) and Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

2. Plaintiff alleges, *inter alia*, that Defendant discriminated against him on the basis of his disability, refused to accommodate him, and retaliated against him for requesting a reasonable accommodation for his disability, which resulted in his unlawful termination on or about April 1, 2025.

3. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend the instant lawsuit to include claims under the PHRA once administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC"). Those claims will virtually mirror the ADA claims.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

5. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant is a Delaware limited liability corporation registered to conduct business in the Commonwealth of Pennsylvania with a principal place of business at the address as set forth in the caption.

10. Defendant operates and manages a processing plant at the above-captioned address within the Eastern District of Pennsylvania.

11. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## ADMINISTRATIVE REMEDIES

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. On or about September 25, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").

14. On or about December 19, 2025, the EEOC issued a "Right to Sue" letter for Plaintiff's charge.

15. Plaintiff has properly exhausted federal administrative remedies before initiating this action by timely dual-filing the charge, and by filing the instant lawsuit within ninety ("90") days of receiving a right-to-sue letter from the EEOC.

16. Plaintiff will amend this pleading in a manner consistent with Federal Rule of Civil Procedure 15 up to and including during trial to incorporate claims under the PHRA at the end of the one-year statutory waiting period. *See* 43 P.S. § 962(c).

## FACTUAL BACKGROUND

17. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

18. On or about October 7, 2024, Plaintiff was hired by Defendant as a Utilities Operator, working from the above-captioned address.

19. During his employment with Defendant, Plaintiff was primarily supervised by Brian High (hereinafter "High").

20. Throughout his employment with Defendant, Plaintiff was a very hard-working employee who performed his job well.

21. Plaintiff has a medical history relating to drug addiction, which is a recognized disability under the ADA.[2]

22. To combat addiction, Plaintiff takes prescription medication – namely methadone.[3]

23. Plaintiff has been sober for several years.

24. As part of his medical treatment and medical regimen, Plaintiff takes prescription methadone.

25. To follow his daily medication routine, Plaintiff attends a clinic daily at certain time to receive his medication.

26. This was not an issue for the first six (6) months of his employment because his work schedule allowed him to attend these daily appointments without any interruption.

27. However, in or about March of 2025, Plaintiff learned that Defendant would be changing his work schedule and that such change would impact his ability to get to the clinic on time for his daily treatment.

---

[2] *See e.g.* 42 U.S.C. § 12114(b)(2) (Nothing in subsection (a) shall be construed to exclude as a qualified individual with a disability an individual who….is participating in a supervised rehabilitation program and is no longer engaging in such use); Rodriguez v. Verizon Telecom, 2014 U.S. Dist. LEXIS 167833, at *9 (S.D.N.Y. Dec. 2, 2014) (finding a plaintiff adequately pleaded a disability when he alleged a history of alcoholism and drug addiction); Lamberson v. Pennsylvania, 561 F. App'x 201, 206 n.11 (3d Cir. 2014) ("Drug addiction is included within the meaning of disability under both the ADA and the RA where the impairment is not due to the "current illegal use of drugs." 28 C.F.R. § 35.104(5)(iii).")

[3] Methadone is a perhaps well-known synthetic, long-term opioid agonist medication used in the management and treatment of opioid use disorder (OUD) and for analgesic purposes in chronic pain. *See e.g.* https://www.ncbi.nlm.nih.gov/books/NBK562216/ (accessed March 4, 2026).

28. Therefore, Plaintiff spoke with Defendant's Human Resources ("HR") Manager, Sherry Guy (hereinafter "Guy") and disclosed that he was in recovery for prior drug addiction and that he treats with methadone.

29. Plaintiff thereafter asked Guy to write a letter that he could submit to his methadone clinic regarding the upcoming change to his work schedule in order to support his need for receiving treatment early on days that Plaintiff could no longer make it in because of the schedule change.

30. In response, Guy immediately shut the door to the office they were in and told him not to speak with anyone else about this but agreed to write a letter for him.

31. However, Guy never followed up thereafter and went on vacation.

32. Because Guy was on vacation and Plaintiff's schedule was about to change, he addressed his medical condition and need for the aforesaid letter with April McConnell (HR Coordinator – hereinafter "McConnell") and another unnamed person (who Plaintiff believes was the Superintendent at Defendant).

33. However, as soon as Plaintiff mentioned that the request was related to methadone treatment, the Superintendent visibly disengaged from the conversation.

34. McConnell did eventually provide him with the letter, which Plaintiff ultimately did not have to use because High allowed him to keep his original schedule that did not conflict with his methadone treatments.

35. On April 1, 2025, shortly after disclosing his disability and requesting a letter to provide to his methadone clinic regarding his schedule change, Plaintiff was abruptly terminated.

36. That day, Plaintiff was asked to meet with Guy and High.

37. During this meeting, Guy notified Plaintiff that he was being terminated because of his attendance and performance, stating that Plaintiff was not catching on quickly enough.

38. Guy did all of the talking and High sat there with his head down, appearing to shake his head in disagreement.

39. When Plaintiff asked High to confirm that Plaintiff was good at his job, Guy stated that High was not allowed to say anything in this meeting.

40. The reason for Plaintiff's termination is completely pretextual because just prior to his termination, he was told by High on several occasions that he was doing a good job and that High saw him at Defendant "long term."

41. Plaintiff also did not have poor attendance and quite frankly had no idea what Defendant was even referring to when making this allegation.

42. Plaintiff believes and therefore avers that he was terminated from Defendant for discriminatory and retaliatory reasons under the ADA.

43. Defendant discriminated against Plaintiff's disability, woefully failed in its required obligation to engage in the interactive process, and retaliated against Plaintiff for engaging in unequivocal protected activity.

**COUNT I**
**Violations of the ADA**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Failure to Accommodate)**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff suffers from a qualifying health condition under the ADAAA which affects his ability (at times) to perform some daily life activities.

46. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the essential duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

47. Plaintiff requested reasonable accommodations from Defendant as outlined herein.

48. Defendant failed to accommodate Plaintiff's aforesaid requests, failed to engage in the interactive process required by the ADA, and later terminated him.[4]

49. Plaintiff further believes and therefore avers that his disability and/or requests for accommodation have been a motivating/determinative factor in the termination of his employment with Defendant. The same constitutes unlawful retaliation as a matter of law.

50. Defendant's actions as aforesaid constitute violations of the ADA and Plaintiff has suffered damages as set forth more fully herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

---

[4] *See e.g.*, *P.G. v. Jefferson Cty.*, No. 21-388, 2021 U.S. Dist. LEXIS 170593, at *12 (N.D.N.Y. Sep. 7, 2021) (finding in the context of a Title II ADA case that a refusal to guarantee access to methadone treatment likely violates the ADA).

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and,

F.     Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: March 4, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Tyler Barchini | : | CIVIL ACTION |
| v. | : | |
| Global Advanced Metals, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 3/4/2026 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                             Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BARCHINI, TYLER

**DEFENDANTS**
GLOBAL ADVANCED METALS, INC.

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Berks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/4/2026
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____